UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────

CHINESE AMERICAN CIVIL RIGHTS
COALITION, INC.,                              21-cv-4548 (JGK)

                Plaintiff,       MEMORANDUM OPINION
                                              AND ORDER
    - against -

DONALD J. TRUMP,

                Defendant.
────────────────────────────────────

JOHN G. KOELTL, District Judge:

    The plaintiff moves for an extension of time for service of process to September 27, 2021 and substitute service by publication as a result of the difficulty in effectuating personal service on the defendant.

    The extension of time for service of process to September 27, 2021 is granted. However, substitute service by publication is not warranted at this stage. As a general matter, service by publication is disfavored. See Boddie v. Connecticut, 401 U.S. 371, 382 (1971) ("[P]ublication . . . is the method of notice least calculated to bring to a potential defendant's attention the pendency of judicial proceedings."); Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 315 (1950) ("It would be idle to pretend that publication alone . . . is a reliable means of acquainting interested parties of the fact that their rights are before the courts."). And the rules of the two states relevant to this

action—New York and Florida[1]—reflect this disfavor. Under Florida law, service by publication is only allowed in fifteen enumerated types of cases, and this suit is not one of those types of cases. See Fla. Stat. § 49.011. Similarly, under New York law, service by publication is only expressly authorized in a narrow set of actions none of which apply here. See N.Y. C.P.L.R. §§ 314 & 315.

In any event, to the extent that the defendant is sued in his former official capacity, service must be effectuated by delivering a copy of the summons and the complaint to the United States attorney for this district and sending a copy to the Attorney General of the United State at Washington, D.C. See Fed. R. Civ. P. 4(i).

The Court also notes that service of process is intended to provide notice of a lawsuit to a defendant so that the issues of the case can be joined and the lawsuit decided on its merit or lack of merit. Service is not intended to be a game for the serving party or the party to be served. The Court is confident that the plaintiff's counsel and one of the defendant's counsel can arrange a mutually convenient means to effectuate service.

Accordingly, the motion to serve by substitute service by publication is denied without prejudice.

---

[1] Pursuant to Federal Rule of Civil Procedure 4(e)(1), an individual "may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

2

The Clerk is directed to close the motion in docket number 5.

**SO ORDERED.**

Dated:   New York, New York
         July 27, 2021

                                           _____
                                                  John G. Koeltl
                                           United States District Judge