

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

November 3, 2021

**VIA ECF**
The Honorable John G. Koeltl
United States District Court
500 Pearl Street
New York, New York 10007

*A conference will be held on Monday, December 13, 2021, at 4:30 PM. Dial-in: (888) 363-4749, Access Code: 8140049. 11/4/21 SO ORDERED /s/ JGK USDJ*

Re: *Chinese Americans Civil Rights Coalition, Inc. v. Trump*, 21 Civ. 4548 (JGK)

Dear Judge Koeltl:

This Office represents the United States of America (the "Government") in this action brought by the Chinese Americans Civil Rights Coalition, Inc. ("Plaintiff") asserting tort claims for defamation, intentional infliction of emotional distress, and negligent infliction of emotional distress against defendant Donald Trump, who has been sued in both his personal capacity and former official capacity as President of the United States. We address here only issues concerning the claims against Mr. Trump in his former official capacity, which are effectively claims against the United States, and not the claims against Mr. Trump in his personal capacity. The Government does not represent Mr. Trump in his personal capacity.

Under well-established law in this circuit, Plaintiff's claims against the former President in his official capacity should be dismissed for lack of subject matter jurisdiction because they are effectively claims against the Government, and no law waives the Government's sovereign immunity from suit. Accordingly, the United States writes to respectfully request a pre-motion conference pursuant to the Court's Individual Rule II.B concerning its anticipated motion to dismiss the complaint (Dkt. #1 ("Complaint" or "Compl.")) to the extent it alleges claims against Mr. Trump in his former official capacity.

### I. Background

Plaintiff, a non-profit social-advocacy group, filed this complaint against Donald J. Trump "in his former official capacity as President of the United States for his defamatory slanders and libel since the outbreak of the COVID-19 pandemic, and as a private citizen for continuously making defamatory statements since he left the White House on Jan. 20, 2021." (*Id.*).

Specifically, Plaintiff seeks damages and equitable relief on the ground that Mr. Trump's use of the terms "Chinese virus", "China virus", "Wuhan virus", and "Kung Flu virus", to describe the COVID-19 virus, in tweets, interviews, campaign rallies, and press briefings constitutes defamation as well as the torts of negligent and intentional infliction of emotional distress. (*See, e.g., id.* ¶¶ 2, 11–24, 191, 200, 207, 212, 215, 219). The Government has condemned inflammatory rhetoric like this, and its anticipated motion would not suggest that these comments were appropriate. *See* Presidential Memorandum, *Condemning and Combating Racism, Xenophobia, and Intolerance Against Asian Americans and Pacific Islanders in the United States*, 86 Fed. Reg. 7485, 7485 (Jan. 29, 2021).

To the extent this case involves statements that Mr. Trump made while in office, Plaintiff alleges those claims against him in his former official capacity as President of the United States. To the extent the case involves statements made by Mr. Trump after leaving office, Plaintiff alleges its claims against him in his personal capacity as a private citizen.

## II.      Discussion

### A.      The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Official-Capacity Claims

Plaintiff's claims against then-President Trump in his former official capacity are, in effect, claims against the United States. (*See, e.g.*, Compl. ¶¶ 190-192). That is because official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. N.Y. City Dept. of Social Serv.*, 436 U.S. 658, 690, n. 55 (1978). Thus, an official capacity suit is not a suit against the officer personally, for the real party in interest is the entity: here, the United States. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *see Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States"); *McClenton v. Menifee*, No. 05 Civ. 2844 (JGK), 2006 WL 2474872, at *7 (S.D.N.Y. Aug. 22, 2006) ("An action for damages against a federal officer in the officer's official capacity is essentially a suit against the United States[.]").

Courts routinely dismiss suits for damages against a President or former President in his official capacity, on the grounds that they are, in reality, suits against the United States for which there must be a waiver of sovereign immunity to proceed. *See, e.g., Brown v. Obama*, No. 10 Civ. 6426 (LBS), 2011 WL 2207569 at *2 (S.D.N.Y. May 31, 2011); *Cho v. Bush,* No. 07 Civ. 7722 (PAC) (GWG), 2008 WL 346040, at *2 (S.D.N.Y. Feb. 7, 2008); *accord Masing v. Trump*, No. 21 Civ. 8243 (LTS), 2021 WL 4868560, at *3 (S.D.N.Y Oct. 18, 2021) (dismissing official capacity claims against former President Trump as barred by sovereign immunity). Accordingly, an official-capacity suit, or in other words, a suit against the United States, may be maintained only where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Klayman*, 125 F. Supp. 3d at 78–79. Absent a waiver of sovereign immunity, the court lacks subject matter jurisdiction over claims against the United States. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981).

Here, Plaintiff fails to plead or properly invoke an applicable waiver of sovereign immunity, warranting dismissal of its official-capacity claims. The only jurisdictional provisions cited in the Complaint are the definition section of the SPEECH Act, 28 U.S.C. § 4101, (Compl. 3)—which pertains to the recognition of foreign defamation judgments, a provision that has no application here—and the diversity jurisdiction statute, 28 U.S.C. § 1332—which does not serve as a waiver of sovereign immunity, *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 2 F. Supp. 2d 516, 522 (S.D.N.Y. 1998), *aff'd*, 191 F.3d 198 (2d Cir. 1999). Indeed, the only waiver of sovereign immunity applicable to Plaintiff's tort action is the Federal Tort Claims Act ("FTCA"), but as explained below, Plaintiff failed to properly invoke that Act.

### B.      Plaintiff Has Failed to Exhaust Its Administrative Remedies Pursuant to the FTCA with Respect to Its Official-Capacity Claims

The FTCA is the exclusive remedy for tort claims when advanced against the United States or a current or former official acting in an official capacity. 28 U.S.C. § 2679(a). Even if

Plaintiff's official-capacity claims could be construed as raising claims pursuant to the FTCA, the Court would still lack subject matter jurisdiction over those claims, because Plaintiffs have not pursued the mandatory and jurisdictional exhaustion prerequisites to pursuing any FTCA suit in court.

The FTCA provides a limited waiver of sovereign immunity for certain tort damages caused by the negligent or wrongful acts or omissions of an employee of the federal government. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (FTCA waives sovereign immunity for "certain torts committed by federal employees."); *United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("The United States, as sovereign, is immune from suit save as it consents to be sued … , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.").

The FTCA waives the United States' sovereign immunity *only* to the extent that a plaintiff has complied with its administrative remedy requirements: which include presenting a claim to the appropriate federal agency. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); 28 U.S.C. § 2675(a). The administrative requirements of the FTCA are jurisdictional: they cannot be waived, *see Celestine v. Mount Vernon Neighborhood Health Center*, 403 F.3d 76, 82 (2d Cir. 2005), and must be strictly construed, *see McNeil*, 508 U.S. at 113. Accordingly, federal courts routinely dismiss FTCA claims for failure to exhaust administrative remedies on jurisdictional grounds. *See, e.g., Mohamed v. FBI*, No. 14 Civ. 7615 (CM), 2015 WL 6437369, at *6 (S.D.N.Y. Oct. 21, 2015).

To the extent Plaintiff's official-capacity claims could be construed as claims under the FTCA, such claims should be dismissed because they have not been exhausted.[1] To fulfill the FTCA's presentment requirement, a claimant must provide a federal agency with "an executed Standard Form 95 or other written notification of an incident accompanied by a claim for monetary damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. 14.2. Plaintiff has not alleged that it has filed an administrative tort claim with any federal agency, or otherwise exhausted its administrative remedies, with regard to the allegations underlying its official-capacity claims in this case. The United States is also not aware that any such claim has been presented to a federal agency. Accordingly, Plaintiff's official-capacity claims should be dismissed for lack of subject matter jurisdiction. *See Thomas v. Metro Correction Ctr.*, No. 09 Civ. 1769 (PGG), 2010 WL 2507041, at *6 (S.D.N.Y. June 21, 2010) (dismissing FTCA claims for failure to exhaust administrative remedies); *Alkatabi v. U.S. Dep't of Justice*, 777 F. Supp. 271, 274 (S.D.N.Y. 1991) (same).

### III. Conclusion

The United States respectfully requests that the Court grant it leave to file a motion to dismiss Plaintiff's Complaint to the extent it alleges claims against former President Trump in his official capacity on the grounds that the Court lacks subject matter jurisdiction over such claims.

---

[1] The only proper defendant in an FTCA action is the United States of America. *See, e.g., Jorge Irizarry v. Manhattan Correctional Ctr.*, No. 21 Civ. 5170 (LTS), 2021 WL 3668045 at *2 (S.D.N.Y. Aug. 17, 2021) (only proper defendant for FTCA claim is United States, any claims plaintiff was asserting under FTCA against federal officers in their official capacities instead must be brought against United States).

3

Case 1:21-cv-04548-JGK Document 16 Filed 11/03/21 Page 4 of 4

                                            Respectfully,

                                            DAMIAN WILLIAMS
                                            United States Attorney
                                            Southern District of New York

By:     */s/ Tara Schwartz*
                    TARA SCHWARTZ
                    PIERRE ARMAND
                    Assistant United States Attorney
                    86 Chambers Street, Third Floor
                    New York, New York 10007
                    Tel: (212) 637-2633/2724
                    Email: tara.schwartz@usdoj.gov
                                 pierre.armand@usdoj.gov

                    *Counsel for the United States of America*

cc: Counsel for Plaintiff (by ECF)