UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHINESE AMERICANS CIVIL RIGHTS
COALITION, INC.,

                Plaintiff,

    -v-                              21 Civ. 4548 (JGK)

DONALD J. TRUMP, *in his former official capacity as President of the United States*, and DONALD J. TRUMP, *as a private citizen*,

                Defendants.

## REPLY MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES OF AMERICA'S MOTION TO DISMISS

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2633
E-mail: tara.schwartz@usdoj.gov

TARA SCHWARTZ
Assistant United States Attorney
– Of Counsel –

The United States of America (the "Government"), by its attorney Damian Williams, United States Attorney for the Southern District of New York, submits this memorandum of law in further support of its motion to dismiss Plaintiff Chinese Americans Civil Rights Coalition, Inc.'s claims against Donald J. Trump ("Mr. Trump") in his former official capacity as President of the United States pursuant to Federal Rule of Civil Procedure 12(b)(1).

## ARGUMENT

Plaintiff's opposition brief fails to establish that the Court has subject matter jurisdiction over Plaintiff's claims against Mr. Trump in his former official capacity.

Plaintiff's opposition brief makes clear that it does not intend to bring its claims pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 *et seq*. (*see* ECF No. 27 ("Pl. Br.") at ¶¶ 54-60), and does not otherwise identify any applicable waiver of the Government's sovereign immunity that would permit it to bring tort claims against the former President in an official capacity. Instead of identifying an applicable waiver of sovereign immunity, Plaintiff argues that sovereign immunity does not apply to its official-capacity claims because former President Trump's use of defamatory rhetoric was outside the scope of his official duties. (*See id*. at ¶¶ 25-33). But as the Government's opening brief established, the federal government's shield of sovereign immunity applies to agencies and officers when the latter are sued in their official capacities—indeed, that is no different from suing the sovereign directly.[1] (*See* ECF No. 27 ("Gov't Br.") at 5-6). That Plaintiff chose not to

---

[1] As the Government explained in its opening brief, "[i]n an official-capacity claim, the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself . . . [but] [p]ersonal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law." *Lewis v. Clarke*, 137

name the United States as a defendant in this action is of no moment because Plaintiff brought this action as an *official capacity* suit against former President Trump. Indeed, the Complaint begins by stating that:

> This Complaint is filed against the named Defendant in his former official capacity as the President of the United States for his defamatory slanders and libel since the outbreak of COVID-19 pandemic, and as a private citizen for continuingly making defamatory statements since he left the White House on Jan. 20, 2021.

(ECF No. 1 ("Compl.") at 1).

Plaintiff cites no law indicating that the Government's sovereign immunity in an action brought against a government employee in his official capacity or former official capacity is somehow abrogated by allegations that the official was acting outside the scope of his official duties. And Plaintiff has failed to allege individual capacity claims against Mr. Trump with respect to his statements while in office; instead, the Complaint explicitly states that the claims against Mr. Trump for his statements while in office are brought against him in his former official capacity.

Further, Plaintiff's challenges to the doctrine of sovereign immunity as lacking historical and Constitutional grounding should be rejected. The Supreme Court has long recognized the doctrine of federal sovereign immunity and it is a well-established doctrine that lower courts lack authority to abrogate. *See, e.g., United States v. Lee*, 106 U.S. 196 (1882); *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949); *Malone v. Bowdoin*, 369 U.S. 643 (1962). In any event, Plaintiff provides no compelling reason to overturn centuries of Supreme Court precedent holding that the federal government is subject to sovereign immunity. "When the Constitution was ratified, it was well established in English law that the Crown could not be sued without consent in

---

S. Ct. 1285, 1291 (2017). "[S]overeign immunity 'does not erect a barrier against suits to impose individual and personal liability.'" *Id.* (quoting *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991)).

its courts." *Alden v. Maine*, 527 U.S. 706, 715 (1999).  The Court itself has held that "[i]t is too late in the day to urge that the Government is just another private litigant, for purposes of charging it with liability." *Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 383 (1947).  Accordingly, the Court should not stray from controlling principles of sovereign immunity.

## CONCLUSION

For the reasons outlined in the Government's opening brief and the foregoing reasons, the Court should dismiss Plaintiff's claims against Mr. Trump in his former official capacity.

Dated: February 11, 2022
       New York, New York

                                       Respectfully submitted,

                                       DAMIAN WILLIAMS
                                       United States Attorney
                                       Southern District of New York

By:    */s/ Tara Schwartz*
                                       TARA SCHWARTZ
                                       Assistant United States Attorney
                                       86 Chambers Street, 3rd Floor
                                       New York, New York 10007
                                       Telephone: (212) 637-2633
                                       Email:  tara.schwartz@usdoj.gov