UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHINESE AMERICANS CIVIL RIGHTS
COALITION, INC.,
                Plaintiff,

- against -

DONALD J. TRUMP,
                Defendant.

21-cv-4548 (JGK)

MEMORANDUM OPINION
AND ORDER

---

JOHN G. KOELTL, District Judge:

    The plaintiff, Chinese American Civil Rights Coalition, Inc., brought this suit against former President Donald J. Trump, individually and in his former official capacity as President of the United States. Compl., ECF No. 1, at 1. The plaintiff brought claims of defamation and intentional and negligent infliction of emotional distress. Id. at ¶¶ 193-216. The defendant now moves to dismiss the claims brought against him in both his official and personal capacities. ECF Nos. 26, 28. For the following reasons, the motions to dismiss the claims against the defendant in both his personal and his official capacities are **granted**.

I.

    The plaintiff is "a non-profit organization registered in the state of New York representing numerous individuals and community organizations."[1] Compl. at 1. The complaint alleges

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

that, in a number of statements, the defendant dubbed the SARS-CoV-2 virus the "Chinese virus" and "kung flu," among other names. See id. ¶¶ 39-94. The complaint does not allege that any statement was made in New York, although it alleges that many statements were made in tweets or press conferences. Id. The complaint alleges that these statements were factual, id. ¶ 3, and defamatory, id. ¶ 194, and that they "exposed . . . Chinese/Asian Americans, to public discrimination, hate, contempt, ridicule, verbal abuse and physical violence as reported in many incidents across the country," id. ¶ 195. The complaint alleges that there has been an "increase in anti-Asian incidents," including in New York, and identifies certain such incidents. Id. ¶¶ 95-114.

## II. Official Capacity Claims

The plaintiff brought certain claims against the defendant in the defendant's former official capacity. The defendant, represented by the Department of Justice, moves to dismiss those claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) as barred by sovereign immunity. For the following reasons, the motion is granted.

Under the doctrine of sovereign immunity, the United States may not be sued without its consent. Adeleke v. United States, 355 F.3d 144, 150 (2d Cir. 2004). A suit for damages against a federal official in the official's official capacity is

considered to be a suit against the United States, from which that official is immune unless there is an applicable waiver of sovereign immunity. Robinson v. Overseas Mil. Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994). This includes suits against a former official. See, e.g., Masing v. Trump, No. 21-cv-8243, 2021 WL 4868560, at *3 (S.D.N.Y. Oct. 18, 2021) (dismissing claims against former officials because there was no applicable waiver of sovereign immunity). Because the sovereign immunity doctrine is jurisdictional, the plaintiff bears the burden of establishing that the doctrine does not bar the suit, and the Court may refer to evidence outside the pleadings in deciding the motion to dismiss. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "A waiver of sovereign immunity by the United States must be unequivocally expressed in the statutory text and strictly construed, in terms of its scope, in the sovereign's favor." Collins v. United States, 996 F.3d 102, 109 (2d Cir. 2021).

In this case, some of the plaintiff's claims were brought against the defendant in his former official capacity. In the absence of an applicable waiver, those claims are therefore barred by sovereign immunity, and the plaintiff has not identified an applicable waiver of sovereign immunity. The only statutory provisions cited in the complaint are 28 U.S.C. § 1332(a)(1), which provides diversity of citizenship
3

jurisdiction, and 28 U.S.C. § 4101(1), which defines defamation in the context of a statute pertaining to the recognition and enforcement of foreign defamation judgments. See 28 U.S.C. § 4102. Neither provision serves as a waiver of sovereign immunity, because neither provision unequivocally expresses any such waiver. See Confessore v. United States, No. 19-cv-627, 2020 WL 5836728, at *2, *5 (E.D. Tex. Sept. 10, 2020) (dismissing a defamation claim brought under § 4101 against the United States as barred by sovereign immunity), report and recommendation adopted, 2020 WL 5816227 (E.D. Tex. Sept. 30, 2020); Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc., 2 F. Supp. 2d 516, 521-22 (S.D.N.Y. 1998) (noting that § 1332 does not constitute a waiver of sovereign immunity), aff'd, 191 F.3d 198 (2d Cir. 1999).[2]

---

[2] The plaintiff does not reference the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. ("FTCA") in the complaint, and appears in its opposition and surreply to disclaim reliance on that statute. See ECF No. 30 ¶¶ 54-60; ECF No. 36, ¶ 14. In any event, the FTCA — which is the exclusive remedy for claims arising out of the acts of United States Government employees within the scope of their employment, see 28 U.S.C. § 2679(b) — could not serve as a waiver of sovereign immunity in this case. The FTCA waives sovereign immunity only to the extent that a plaintiff has exhausted administrative remedies. 28 U.S.C. § 2675(a). The plaintiff in this case neither alleges nor argues that the plaintiff has first pursued its claims administratively. Moreover, the Government has searched for any relevant administrative proceeding brought by the plaintiff, and has found none. Richards Decl., ECF No. 27-1, ¶¶ 4-5. Therefore there is no waiver of sovereign immunity under the FTCA in this case.

Accordingly, the United States has not waived its sovereign immunity as to the plaintiff's claims in this case, and is therefore immune from suit. The plaintiff's claims against the defendant in the defendant's official capacity therefore fail because those claims are barred by sovereign immunity.

In response, the plaintiff argues that "sovereign immunity is an anachronistic relic." ECF No. 30 at 14. But the Supreme Court and the Court of Appeals for the Second Circuit continue to apply that doctrine and it compels dismissal of the claims against former President Trump in his former official capacity. See Alden v. Maine, 527 U.S. 706, 715 (1999); Malone v. Bowdoin, 369 U.S. 643, 648 (1962); Robinson, 21 F.3d at 510. For these reasons, the defendant's motion to dismiss the claims brought against the defendant in the defendant's official capacity is **granted**.

### III. Personal Capacity Claims

The plaintiff also brings certain claims against the defendant in the defendant's personal capacity. The defendant, represented by his personal counsel, moves to dismiss those claims on the grounds of lack of subject matter jurisdiction, personal jurisdiction, and venue, and on the grounds that the plaintiff has failed to state a claim upon which relief can be granted. For the reasons explained below, the defendant's motion

to dismiss the claims brought against him in his personal capacity is granted.

## A.

The defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction on the grounds that there is not complete diversity of citizenship, the amount-in-controversy requirement is not met, and the plaintiff lacks standing. For the following reasons, the Court has subject matter jurisdiction.

### 1.

The defendant argues that the Court lacks diversity of citizenship subject matter jurisdiction because the plaintiff has not alleged its principal place of business. Under 28 U.S.C. § 1332(a)(1), federal courts have subject matter jurisdiction over actions that arise between citizens of different states if the amount in controversy exceeds $75,000. A corporation is a citizen of the states in which the corporation is incorporated and has its principal place of business. 28 U.S.C. § 1332(c)(1).

The parties appear to agree that the defendant is a citizen of Florida. Compl. at 3; ECF No. 29 at 5, 7. The plaintiff alleges, and the defendant does not dispute, that the plaintiff is incorporated in New York. Compl. at 3. The plaintiff filed a sworn declaration attesting that its principal place of business

was also in New York. See Liu Decl., ECF No. 39, ¶ 3. Accordingly, the parties are completely diverse.

### 2.

The defendant argues that there is no subject matter jurisdiction because the amount-in-controversy requirement is not met. Jurisdiction under 28 U.S.C. § 1332(a) exists only where the amount in controversy exceeds $75,000. In order to dismiss the complaint on the ground that the amount-in-controversy requirement is not met, it must appear "to a legal certainty" that the requirement cannot be satisfied. Chase Manhattan Bank, N.A. v. Am. Nat. Bank & Tr. Co. of Chi., 93 F.3d 1064, 1070 (2d Cir. 1996). "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." Id.; see also Suber v. Chrysler Corp., 104 F.3d 578, 583 (3d Cir. 1997), as amended (Feb. 18, 1997) ("The court should not consider in its jurisdictional inquiry the legal sufficiency of those claims . . . . [T]he threshold to withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(1) is thus lower than that required to withstand a Rule 12(b)(6) motion.").

In this case, the plaintiff requests damages of millions of dollars. Compl. ¶ 219. While this allegation may not survive, there is no indication that it was made in bad faith. The defendant's argument speaks to the merits of the case, not the

Court's ability to hear the case. Accordingly, the amount in controversy exceeds $75,000.

### 3.

Finally, the defendant argues that the Court lacks subject matter jurisdiction because the plaintiff lacks standing. "[A]n association has standing to bring suit on behalf of its members when its members would have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires individual[] members' participation in the lawsuit." Ala. Legis. Black Caucus v. Alabama, 575 U.S. 254, 269 (2015). In this case, the plaintiff satisfies each of these requirements at the pleading stage.

First, the plaintiff has alleged that it has members who have standing. A plaintiff has standing where there is an injury in fact, causation, and redressability. TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2203 (2021). In this case, the plaintiff alleges that it has members who have suffered emotional distress from the defendant's alleged defamatory remarks. See Compl. ¶¶ 210-16.

The suit is germane to the organization's purpose, which the plaintiff attests is "to promote civil rights, civic participation, and voter registration / turnout." See ECF No. 39. Finally, the suit does not require individual participation,

8

because the damages the plaintiff seeks are nominal, combined with punitive damages and other expenses.

The plaintiff has alleged sufficient facts to avoid dismissal at the pleading stage based on alleged lack of subject matter jurisdiction.

**B.**

The defendant argues that the Court lacks personal jurisdiction over the defendant. The breadth of a federal court's personal jurisdiction is determined by the law of the state in which the district court is located. See Spiegel v. Schulmann, 604 F.3d 72, 76 (2d Cir. 2010) (per curiam); Thomas v. Ashcroft, 470 F.3d 491, 495 (2d Cir. 2006). The defendant argues that there is no general personal jurisdiction over the defendant because he is a domiciliary of Florida and was not personally served with process in New York. See Rawstorne v. Maguire, 192 N.E. 294, 295 (N.Y. 1934). Indeed, the docket sheet reflects that the plaintiff attempted to serve the defendant by mail. Therefore there is no general personal jurisdiction over the defendant under N.Y. C.P.L.R. § 301 and the plaintiff does not argue otherwise.

Rather, the plaintiff argues that the defendant's remarks were carried on TV and social media in New York but that does not provide a basis for personal jurisdiction in New York for claims of defamation or intentional or negligent infliction of

9

emotional distress. The defendant points out that there is no long-arm jurisdiction over the defendant pursuant to N.Y. C.P.L.R. § 302, the only basis for personal jurisdiction in New York for non-domiciliaries who are not personally served with process in New York. The plaintiff ignores the argument. The provision of N.Y. C.P.L.R. § 302 authorizing long-arm jurisdiction for lawsuits arising from torts committed within New York or outside New York causing injury within the state specifically excludes claims for defamation. See N.Y. C.P.L.R. § 302(a)(2)-(3). The same exclusion applies for claims of intentional or negligent infliction of emotional distress based on defamation. See, e.g., Cantor Fitzgerald, L.P. v. Peaslee, 88 F.3d 152, 157 (2d Cir. 1996); Bah v. Apple Inc., No. 19-cv-3539, 2020 WL 614932, at *6-7 (S.D.N.Y. Feb. 10, 2020), adhered to on denial of reconsideration, 2021 WL 4894677 (S.D.N.Y. July 26, 2021); Fischer v. Stiglitz, No. 15-cv-6266, 2016 WL 3223627, at *4-5 (S.D.N.Y. June 8, 2016).

The plaintiff has therefore failed to assert a prima facie case that there is personal jurisdiction over the defendant for the claims asserted in this case.[3]

---

[3] The defendant also argues that venue is improper in this Court. Because the Court lacks personal jurisdiction over the defendant and the claims are in any event without merit for the reasons explained below, it is not necessary to address the question of venue.

C.

The motion to dismiss the claims brought against the defendant in the defendant's personal capacity is granted for the additional reason that the plaintiff has failed to state a claim upon which relief can be granted. In deciding a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the allegations in the complaint are accepted as true and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[4]

---

[4] New York's anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP") law raises the pleading standard for "action[s] involving public petition and participation" ("SLAPP actions"). N.Y. C.P.L.R. § 3211(g). That heightened pleading standard does not apply in federal court. See La

11

**1.**

First, the plaintiff has failed to state a claim for defamation. To state a claim for defamation under New York law, a plaintiff must allege, among other elements, a statement that is "of and concerning" the plaintiff. Three Amigos SJL Rest., Inc. v. CBS News Inc., 65 N.E.3d 35, 37 (N.Y. 2016); Albert v. Loksen, 239 F.3d 256, 265-66 (2d Cir. 2001). However, "[u]nder the group libel doctrine, when a reference is made to a large group of people, no individual within that group can fairly say that the statement is about him, nor can the 'group' as a whole state a claim for defamation." Diaz v. NBC Universal, Inc., 536 F. Supp. 2d 337, 343 (S.D.N.Y. 2008). The group libel doctrine thus defeats the "of and concerning" element of a defamation claim. See Three Amigos, 65 N.E.3d at 37. The group libel doctrine can be overcome only by a showing that the "the circumstances of the publication reasonably give rise to the conclusion that there is a particular reference to the member." Diaz, 536 F. Supp. 2d at 343.

In this case, the plaintiff alleges that the defendant described the SARS-CoV-2 virus as the "Chinese virus," among other names. On the plaintiff's own allegations, the phrase

---

Liberte v. Reid, 966 F.3d 79, 88 (2d Cir. 2020) (holding that Rule 12 applies rather than the pleading standard in California's anti-SLAPP Act); see also Sweigert v. Goodman, No. 18-cv-8653, 2021 WL 1578097, at *3 (S.D.N.Y. Apr. 22, 2021).

refers to at least 22.9 million individuals. It is thus "a reference . . . to a large group of people," and the plaintiff has made no showing that "the circumstances of the publication reasonably give rise to the conclusion that there is a particular reference" to any particular member. See Diaz, 536 F. Supp. 2d at 343. The plaintiff's allegations therefore cannot support a claim for defamation under the group libel doctrine.

The plaintiff organization also plainly does not allege a defamation claim on its own behalf, given that the complaint contains no allegations that the defendant made any statements about the plaintiff organization, and indeed the plaintiff organization was founded after all of the statements in the complaint were allegedly made. Accordingly, the complaint fails to state a claim for defamation of the plaintiff or of the plaintiff's members.

**2.**

Second, the plaintiff has failed to state a claim for either intentional or negligent infliction of emotional distress. The elements of intentional infliction of emotional distress are "(1) extreme and outrageous conduct; (2) the intentional or reckless nature of such conduct; (3) a causal relationship between the conduct and the resulting injury; and (4) severe emotional distress." Mitchell v. Giambruno, 826 N.Y.S.2d 788, 789 (App. Div. 2006). The same test of extreme and

outrageous conduct has also been applied to causes of action for negligent infliction of emotional distress. Rocco v. Town of Smithtown, 645 N.Y.S.2d 187, 188 (App. Div. 1996). Negligent infliction of emotional distress also may be alleged on a "bystander" theory when a person is "threatened with physical harm as a result of defendant's negligence[,] and consequently . . . suffers emotional injury from witnessing the death or serious bodily injury of a member of her immediate family"; or on a "direct duty" theory when a plaintiff "suffers an emotional injury from defendant's breach of a duty which unreasonably endangered her own physical safety." Mortise v. United States, 102 F.3d 693, 696 (2d Cir. 1996).

**a.**

As an initial matter, the plaintiff's claims for intentional and negligent infliction of emotional distress fail because they are based on the same alleged statements that give rise to the claim for defamation. Brancaleone v. Mesagna, 736 N.Y.S.2d 685, 687 (App. Div. 2002); Hirschfeld v. Daily News, L.P., 703 N.Y.S.2d 123, 124 (App. Div. 2000); Biehner v. City of New York, No. 19-cv-9646, 2021 WL 878476, at *9 (S.D.N.Y. Mar. 9, 2021). They are therefore duplicative of the claim for defamation, and should be dismissed on that basis. See, e.g., Brancaleone, 736 N.Y.S.2d at 687.

**b.**

The claim for intentional infliction of emotional distress fails for the additional reason that the conduct alleged by the plaintiff is not so extreme or outrageous as to be covered by the tort of intentional infliction of emotional distress. The remarks at issue referred to the geographical origin of the virus rather than the responsibility of the millions of Asian Americans who had nothing to do with the virus. To fall within the ambit of the tort, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Trujillo v. Transperfect Glob., Inc., 84 N.Y.S.3d 446, 447 (App. Div. 2018). The comments in this case fall well short even of the language that courts have found insufficiently extreme or offensive to support an infliction of emotional distress claim. See, e.g., Harville v. Lowville Cent. Sch. Dist., 667 N.Y.S.2d 175, 176-77 (App. Div. 1997).

**c.**

The claim for negligent infliction of emotional distress fails because the conduct alleged does not rise to the level of extreme and outrageous conduct that has been found sufficient to justify liability, and the plaintiff has failed to assert

15

sufficient allegations to assert a claim under the "bystander' theory or the "direct duty" theory.

**3.**

Finally, the plaintiff's claims for intentional or negligent infliction of emotional distress fail for the additional reason that imposing liability for the alleged statements would violate the First Amendment. In Snyder v. Phelps, 562 U.S. 443 (2011), the Supreme Court held that even where extreme and outrageous speech on a matter of public concern causes emotional distress to another, the First Amendment bars recovery in a civil damages action for the intentional infliction of emotional distress. Id. at 459. "In public debate [we] must tolerate insulting, and even outrageous, speech in order to provide adequate 'breathing space' to the freedoms protected by the First Amendment." Boos v. Barry, 485 U.S. 312, 322 (1988). No matter how deplorable the plaintiff finds the defendant's remarks, the First Amendment precludes civil liability for the remarks in order to protect the right to free and robust debate on matters of public concern, which the origin of the SARS-CoV-2 virus plainly is.

For these reasons, the plaintiff has failed to state a claim. Because the Court lacks personal jurisdiction over the defendant and because the complaint fails to state a claim on which relief can be granted, the motion to dismiss the claims

brought against the defendant in the defendant's personal capacity is **granted**.

## IV. Attorney's Fees

In his motion to dismiss, the defendant also seeks attorney's fees pursuant to N.Y. Civ. Rights Law § 70-a(1)(a). That provision authorizes the defendant in a SLAPP action to "maintain an action, claim, cross claim or counterclaim to recover damages, including costs and attorney's fees, from any person who commenced or continued such [SLAPP] action," if the SLAPP action lacked "a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law."

On its face, this provision requires that an applicant for attorney's fees "maintain an action, claim, cross claim or counterclaim," and not simply assert a request as part of a motion to dismiss. Because the defendant has not brought a separate action for fees or filed a "claim, cross claim or counterclaim" in this action, the request for attorney's fees is **denied**. See Lindell v. Mail Media Inc., No. 21-cv-667, 2021 WL 5910000, at *7 (S.D.N.Y. Dec. 10, 2021); Ctr. for Med. Progress v. Planned Parenthood Fed'n of Am., 551 F. Supp. 3d 320, 333 (S.D.N.Y. 2021).

17

## Conclusion

The Court has considered all of the arguments of the parties. To the extent not specifically address above, the arguments are either moot or without merit. For the foregoing reasons, the motion to dismiss the claims brought against the defendant in the defendant's official capacity for lack of subject matter jurisdiction is **granted**. The motion to dismiss the claims brought against the defendant in the defendant's personal capacity is **granted** because the Court lacks personal jurisdiction over the defendant and because the complaint fails to state a claim upon which relief can be granted. The Clerk is directed to enter judgment dismissing this action. The plaintiff has not sought leave to file an amended complaint and any amendment would be futile. The Clerk is directed to close all pending motions and to close this case.

SO ORDERED.
Dated:     New York, New York
           May 4, 2022

_____
John G. Koeltl
United States District Judge